### No. 12,018.

JOHN W. SAINT VS. THE CHARITY HOSPITAL ET ALS., LEGATEES, UNDER THE WILL OF MRS. EMMA SAINT.

It is not required for the validity of the mystic will that it be closed with wax; mucilage or other adhesive substances may be used adequate to the firm closing of the envelope, and the law does not exact that any seal be impressed on the envelope. Civil Code, Article 1584; 15 La. Rep., p. 88; 3 Troplong Donations et Testaments, p. 156; 2 Vazeille, 477.

APPEAL from the Seventh Judicial District Court for the Parish of East Carroll. *Montgomery, J.*

*Clifton F. Davis, T. H. Thorpe* and *Leonard K. Barber* for Plaintiffs, Appellants.

*Joseph E. Ransdell, C. S. Wyly* and *Farrar, Jonas & Kruttschnitt* for Defendants, Appellees.

Argued and submitted January 20, 1896.
Opinion handed down February 10, 1896.

The opinion of the court was delivered by

MILLER, J. The question in this case is the validity of a mystic will, alleged not to have been sealed in the mode directed by law. The judgment of the lower court maintained the will, and plaintiff, the legal heir of the testatrix, prosecutes this appeal.

The envelope containing the will is brought up with the record. The testimony and the envelope itself shows that the will was placed in the envelope lined with cloth, the flap attached and adhering to the paper with mucilage, and the envelope thus closed. On the back of the envelope, and written across the edge of the flap where it adheres to the paper, is the superscription of the notary of the presentation to him by the testatrix of the envelope closed and sealed, with the declaration that it contained her last will, and followed by the signature of the notary and the witnesses.

The requisites of the mystic will, so far as necessary to be considered in this case, are that the paper containing the testator's disposition or that serving for the envelope must be closed and sealed,

and thus closed and sealed must be presented by the testator to the notary with the declaration it contains the testator's will.   Civil Code, Art. 1584.

The argument for the defendants is that the envelope never had any seal in the legal sense.   It is insisted that the law requires both sealing and closing, that this exacts that some substance other than mucilage shall be used, and that there must be some impress in the form of a seal on the substance thus used.   If the words of the Code are to be taken in their strict sense, support would be afforded the plaintiff's argument in respect to the seal.   Our jurisprudence is meagre on this subject.   The object of sealing and closing is obviously to guard against any substitution of another paper for that contained in the envelope, or any tampering with the paper containing dispositions of the testator.   Neither the use of wax or the impress of the seal can afford complete protection to the enclosed paper, hence we find the French authorities dealing with the Art. 976 of the Napoleon Code corresponding with Art. 1584 of our Code do not exact the use of any seal nor any specific adhesive substance to close the envelope.   There is some divergence of views of the French commentators on these points, but there is an array of authorities to the effect that sealing implies firmly closing the paper, and there is no necessity for any impress of a seal.   Thus Troplong puts it: " Est-il nécessaire pour sceller le testament que le testateur imprime sur la cire, ou le pain a cacheter dont il se sert un cachet, un sceau, une marque gravée qui laisse des traces." He answers the question: ni l'ordonance ni le Code n'ont prescrit une forme particulière pour apposer ce scellement; il suffit que d'après l'état matériel de la pièce, la cloture en soit faite avec des précautions qui protègent le secret des écrits et ne permettent pas de les ouvrir sans les briser.   Si donc les rubans sont liés et retenus par de la cire, si les bouts du papier sont rapprochés, unis pas une matière servant a sceller telle que cire, pains, colle forte, le voeu de la loi est satisfait et il y aurait une séverité déraisonable a prétendre que toutes ces précautions seront vaines si les pains, la colle, etc., ne restent pas graves par un sceau laissant des traces." 3 Troplong Donations et Testaments, pp. 156-57, par. 1627.   We find concurrence in this view in Coin Delisle, pp. 398, 399; 2 Vazeille, p. 476.   The last author upholds the rule of equivalents for the requisites of the Code as to the closing and sealing, rejects the use of

a seal and maintains the firm closing of the paper, whether with wax, pains a cacheter or other substance. Indeed, the French commentators hold that the provisions of the Code on this subject are designed to guide the courts in admitting to probate mystic wills, and enjoin that the envelope when presented according substantially with the closing and sealing required shall present no evidence of having been opened. 2 Vazeille, p. 477. In the light of the seauthorities our Supreme Court held that a will closed with wafers with no seal was valid. Hart vs. Thompson Executors, 15 La. 88.

In this case the envelope is closed with the mucilage or gummy substance used to seal envelopes, the superscription is written across the envelope where the flap adheres to the paper, so that if opened the writing of the superscription would be torn and thus reveal the opening. Closed in this manner, with the superscription intact and exhibiting no evidence of having been opened after the sealing attested by the superscription, until presented for probate, in our view the requisites of the law have been fulfilled and the will is valid.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.